**Ellyn MURPHY, Plaintiff—Appellant,**

v.

**BRIDGER BOWL, Defendant—Appellee.**

No. 04–35273.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2005.

Decided Oct. 5, 2005.

Peter Michael Meloy, Esq., Jennifer S. Hendricks, Esq., Meloy Law Firm, Helena, MT, for Plaintiff—Appellant.

Gregory O. Morgan, Esq., Morgan & Cameron, Bozeman, MT, for Defendant—Appellee.

Before: HUG, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Ellyn Murphy ("Murphy") appeals the district court's order granting summary judgment in favor of Bridger Bowl, a ski facility, in Murphy's action alleging denial of a reasonable accommodation in violation of Title III of the Americans with Disabilities Act ("ADA") and the Montana Human Rights Act. The district court concluded that Bridger Bowl was not required to make the requested accommodation because doing so would fundamentally alter the nature of its services. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the judgment of the district court, but on a different ground.[1]

We review the district court's grant of summary judgment de novo. See Vasquez v. County of Los Angeles, 349 F.3d 634, 639 (9th Cir.2003). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. at 639–40. We may affirm the grant of summary judgment on any ground supported by the record, even if not relied upon by the district court. See Enlow v. Salem–Keizer Yellow Cab Co., Inc., 389 F.3d 802, 811 (9th Cir.2004) (as amended).

■ Title III of the ADA prohibits discrimination against people with disabilities in public accommodations.[2] Title III sets forth a general rule providing that:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a). "Discrimination" is defined to include:

a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

Id. § 12182(b)(2)(A)(ii). The district court concluded that allowing Murphy's husband, Bob Kolesar, to accompany her on a ski bike would fundamentally alter the nature of its services. We disagree.

The use of a ski bike "is not itself inconsistent with the fundamental character of" Bridger Bowl's business, which provides access to its slopes for skiers. See PGA, Tour, Inc. v. Martin, 532 U.S. 661, 683–85, 121 S.Ct. 1879, 149 L.Ed.2d 904 (2001) (holding that a golf course's prohibition of golf carts was "not an essential attribute of the game itself" and was "not an indispensable feature of tournament golf either" and therefore that allowing Casey Martin to use a golf cart would not be a fundamental alteration); see also Fortyune v. American Multi–Cinema, Inc., 364 F.3d 1075, 1084 (9th Cir.2004) (holding that re-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recount them here, except as necessary to explain our disposition.

2. Murphy does not present a separate argument regarding her state law claim because she "does not believe there are any differences between her state and federal claims that are significant for purposes of this appeal."

quiring a theater to keep seats available for companions of wheelchair-bound patrons until ten minutes prior to showtime was not a fundamental alteration because the change "will have a negligible effect-if any-on the nature of the service provided by the Theater: screening films"). Here, Murphy's history of safely using a ski bike at Bridger Bowl demonstrates the existence of a genuine dispute of fact regarding whether the addition of one other ski bike on the slopes would fundamentally alter the scope of its business. Thus, we hold that the district court's fundamental alteration ruling was erroneous.

 Nonetheless, we conclude that Murphy's claim ultimately fails because she presented insufficient evidence to show that her requested accommodation is necessary. Under Title III of the ADA, a place of public accommodation need not make a reasonable modification unless it is necessary to provide an individual with a disability full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(a), (b)(2)(A)(ii). Murphy argues that she needs to have a companion accompany her on the same equipment in order to improve her skills. Dr. William Patenaude, Murphy's proposed expert, indicated that Murphy's cognitive disability makes it difficult for her to learn information and opined that Murphy's ability to learn would be enhanced by the presentation of information using a variety of strategies. However, he did not suggest that the specific accommodation Murphy requested was *necessary* for her to improve her skills. *See PGA, Tour,* 532 U.S. at 682, 121 S.Ct. 1879 ("Martin's claim ... differs from one that might be asserted by players with less serious afflictions that make walking the course uncomfortable or

difficult, but not beyond their capacity. In such cases, an accommodation might be reasonable but not necessary."). We therefore conclude that Murphy cannot prevail on her Title III claim because she failed to raise a genuine factual dispute as to whether her requested modification is necessary. Accordingly, the judgment of the district court is

AFFIRMED.

CALLAHAN, Circuit Judge, concurring.

I concur in the affirmance and in the panel's determination that Murphy failed to present sufficient evidence to show that her requested accommodation was necessary as that term is used in Title III of the ADA. I write separately to note that I agree with the district court that the requested use of a ski bike by Murphy's husband, a person who neither requires, nor is entitled to, accommodation under the ADA, would fundamentally alter the nature of Bridger Bowl's services.